UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH TAYLOR,

    Petitioner,

v.                                       Case No. 5:15cv175/WTH/CJK

JULIE JONES,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record. (Doc. 32). Petitioner opposes the motion. (Doc. 34). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On February 22, 2000, petitioner entered a counseled, negotiated guilty plea in Jackson County Circuit Court Case Numbers 99-CF-513, 99-CF-514, 99-CF-515, 99-CF-516, 99-CF-567 and 99-CF-568, to sale of cocaine within 1,000 feet of a school (3 counts – first degree felonies), possession of cocaine with intent to sell (a second degree felony), possession of a firearm by a convicted felon (a second degree felony), and resisting an officer without violence (a misdemeanor). (Doc. 32, Ex. A, pp. 10-17 (transcript of plea proceeding), pp. 108-109 (written plea agreement)).[1] Following a plea colloquy, the court accepted petitioner's plea, adjudicated him guilty of the charges, and sentenced him in accordance with the plea agreement to a total term of 1 year in the county jail followed by 2 years of community control followed by 20 years of probation. (*Id.*; *see also* Ex. C, pp. 18-19 (judgment)). On November 14, 2000, petitioner's community control was revoked and petitioner was sentenced to two 15-year sentences on the second degree felonies, and three 30-year sentences on the first degree felonies, all running consecutively for a total term of 120 years in prison. (Doc. 1, p. 1; Doc. 32, Ex. G, pp. 26-53). The Florida First District Court of Appeal (First DCA) per curiam affirmed the judgment on

---

[1] Citations to exhibits are to those provided at Doc. 32. When a particular page of an exhibit has more than one page number, the court cites the number appearing nearest the bottom of the page.

December 19, 2001, with citation to *Hall v. State*, 773 So. 2d 99 (Fla. 1st DCA 2000). *Taylor v. State*, 821 So. 2d 308 (Fla. 1st DCA 2001) (copy at Ex. I). Petitioner did not seek rehearing or further review. (*See* Doc. 1, p. 2).

On November 12, 2002, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. A, pp. 1-18).[2] The state circuit court summarily denied relief by order rendered March 28, 2003. (Ex. A, p. 19). On September 10, 2003, the First DCA reversed and remanded for the trial court to either attach record portions conclusively refuting petitioner's entitlement to relief or else hold an evidentiary hearing. *Taylor v. State*, 853 So. 2d 1115 (Fla. 1st DCA 2003) (Table) (copy at Ex. A, pp. 27-28). The state circuit court appointed counsel (Attorney Roy Lake), held an evidentiary hearing, and denied relief by order rendered August 18, 2005. (Ex. A, pp. 33 (order appointing counsel),

---

[2] Respondent's motion to dismiss identifies two different dates as the date of filing. In the "Background" section of her motion, respondent states that petitioner's *pro se* Rule 3.850 motion was filed on August 13, 2002. (Doc. 32, p. 2). In the "Argument" section of her motion, respondent states that petitioner's *pro se* Rule 3.850 motion was filed on November 19, 2002. (Doc. 32, p. 3). Petitioner's response to respondent's motion to dismiss asserts that the *pro se* Rule 3.850 motion was filed on August 13, 2002. (Doc. 34, p. 1). The parties' dates are incorrect. Under the prison mailbox rule, a prisoner's *pro se* pleading is deemed filed on the date it is delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Florida applies the same rule to *pro se* postconviction pleadings filed by prisoners, *Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992). The record establishes that petitioner delivered his *pro se* Rule 3.850 motion to prison officials for mailing on November 12, 2002. (Ex. A, p. 18). The state circuit court docket does not reflect any filing by petitioner in August 2002. (*See* Ex. A, docket sheet, p. 3).

52-53 (order denying postconviction relief); pp. 54-100 (hearing transcript)). A copy of the order was mailed to petitioner personally and to Attorney Lake. (Ex. A, p. 53). Petitioner filed a *pro se* notice of appeal. (Ex. A, p. 110). Petitioner later filed a motion in the circuit court for the appointment of counsel on appeal. (Ex. E, docket sheet p. 4). The circuit court granted the motion and appointed petitioner a public defender for purposes of appeal. (*Id.*). Petitioner was represented by Assistant Public Defender Judith Dougherty Hall. (*See* Ex. B, p. 1 (First DCA opinion identifying petitioner's postconviction counsel)). The First DCA affirmed the denial of postconviction relief on March 20, 2007, per curiam and without a written opinion. *Taylor v. State*, 951 So. 2d 837 (Fla. 1st DCA 2007) (Table) (copy at Ex. B, p. 1). The mandate issued April 5, 2007. (Ex. B, p. 4).[3] A copy of the mandate was mailed to counsel and to petitioner personally. (Ex. B, p. 3).

On October 2, 2008, petitioner filed a *pro se* petition for belated appeal in the First DCA, seeking a belated appeal from his original February 2000 judgment. (Ex.

---

[3] Respondent's motion to dismiss identifies two different dates as the date of the mandate. In the "Background" section of her motion, respondent states that the mandate in petitioner's Rule 3.850 appeal was issued on April 5, 2007. (Doc. 32, p. 2). In the "Argument" section of her motion, respondent states that the mandate issued May 5, 2007. (Doc. 32, p. 3). Petitioner's response to respondent's motion to dismiss asserts that the mandate issued April 5, 2007. (Doc. 34, p. 2). The record confirms that the date of the mandate is April 5, 2007. (Ex. B, p. 4).

C, pp. 25-31).[4]  The First DCA denied the petition on November 14, 2008, with citation to Florida Rule of Appellate Procedure 9.141(c)(4)(A). *Taylor v. State*, 998 So. 2d 1158 (Fla. 1st DCA 2008) (Table) (copy at Ex. C).  Rehearing was denied on January 13, 2009.  (Ex. C).

On January 28, 2009, petitioner filed a second *pro se* petition in the First DCA seeking a belated appeal from his February 2000 judgment.  (Ex. D).  The First DCA denied the petition on February 23, 2009, with citation to Florida Rule of Appellate Procedure 9.141(c)(4)(A) and 9.141(c)(5)(C). *Taylor v. State*, 6 So. 3d 76 (Fla. 1st DCA 2009) (copy at Ex. D).

On November 19, 2009, petitioner filed a *pro se* motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a).  (Ex. E, pp. 1-9).  The state circuit court dismissed the motion as facially insufficient with leave to amend. (Ex. E, p. 10).  Petitioner filed an amended motion (Ex. E, pp. 11-20), which was denied by order rendered February 24, 2010.  (Ex. E, pp. 21-22).  On November 15, 2010, petitioner filed a *pro se* petition for belated appeal from the denial of his Rule 3.800(a) motion.  (Ex. E, pp. 62-65).  The First DCA granted a belated appeal on August 4, 2011. *Taylor v. State*, 67 So. 3d 389, (Fla. 1st DCA 2011) (copy at Ex. E,

---

[4] Respondent asserts that the record is unclear when petitioner delivered this petition to prison officials for mailing.  (Doc. 32, p. 2).  The first page of the pleading, however, contains an institutional date stamp indicating that petitioner delivered the petition to prison officials at Calhoun CI for mailing on October 2, 2008.  (Ex. C, p. 25).

*Case No.5:15cv175/WTH/CJK*

p. 75). The First DCA affirmed the lower court's order on December 7, 2011. *Taylor v. State*, 75 So. 3d 727 (Fla. 1st DCA 2011) (Table) (copy at Ex. F, p. 2). The mandate issued January 4, 2012. (Ex. F, p. 5).

On January 31, 2013, petitioner filed a *pro se* habeas corpus petition in the state circuit court. (Ex. G). The circuit court dismissed the petition by order rendered April 5, 2013. (Ex. G). The First DCA affirmed, per curiam and without a written opinion. *Taylor v. State*, 145 So. 3d 837 (Fla. 1st DCA 2013) (Table) (copy at Ex. H). The mandate issued July 21, 2014. (Ex. H).

Petitioner filed his federal habeas petition on July 16, 2015. (Doc. 1, p. 1). Respondent asserts the petition is untimely and should be dismissed. (Doc. 32).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending". 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Petitioner's community control revocation judgment was affirmed on direct appeal on December 19, 2001. Petitioner did not seek rehearing or further review.

*Case No.5:15cv175/WTH/CJK*

Accordingly, petitioner's conviction became "final" for purposes of § 2244(d), on March 19, 2002, when the ninety-day period for seeking certiorari from the United States Supreme Court expired.[5]  *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court).

The limitations period began to run one day later on March 20, 2002, and expired one year later on March 20, 2003, in the absence of tolling.  *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the one-year anniversary of the date it began to run).

---

[5] Respondent asserts that petitioner's conviction became final for purposes of § 2244(d)(1)(A), on November 11, 2002, which is 90 days from the date of the First DCA's mandate. (Doc. 32, p. 3). That is incorrect as a matter of law.  The 90-day period for filing in the United States Supreme Court a petition for writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate.  *See* Sup. Ct. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

Petitioner allowed 237 days of the limitations period to lapse before filing his *pro se* Rule 3.850 motion on November 12, 2002.  That motion was pending and statutorily tolled the limitations period until issuance of the appellate court's mandate on April 5, 2007.  *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" postconviction motion is "pending" under Florida procedure, and consequently tolls the limitations period, until the appellate court's issuance of the mandate on appeal).

The limitations period expired 128 days later, on August 12, 2007.  None of petitioner's later state-court filings statutorily tolled the federal habeas limitations period.  *See Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (citations omitted)); *see also Danny v. Sec'y, Fla. Dep't of Corr.*, 811 F.3d 1301 (11th Cir. 2016) (holding that a petition for a belated direct appeal filed under Fla. R. App. P. 9.141(c) does not qualify as an "application for State . . . collateral review" under § 2244(d)(2), and does not toll the limitations period).  Petitioner's federal habeas petition, filed on July 16, 2015, is untimely.

Petitioner argues that he is entitled to equitable tolling because he was represented by Attorney Lake during his Rule 3.850 postconviction appeal, and after

the First DCA issued its mandate on April 5, 2007, Attorney Lake promised petitioner he would file a motion for rehearing but Lake was hospitalized and never did so. (Doc. 34, p. 2). Petitioner asserts that he was unaware of Attorney Lake's illness and was unable to file a motion for rehearing *pro se* because he was represented by Attorney Lake. Petitioner asserts that "[t]hese unfortunate circumstances was [sic] completely out of his control and even under due diligence there are no records that the lower courts provided or attempted to help Petitioner at this point." (Doc. 34, p. 2). Petitioner "requests this court to look into extraordinary circumstances and his due diligence with Mr. Lake['s] untimely demise and the refusal to appoint new counsel by lower court render Petitioner actions moot." (Doc. 34, pp. 2-3).

A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The burden of proving

circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at (*citing Drew v. Dep't of Corr*., 297 F.3d 1278, 1286 (11th Cir. 2002)). The petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id*. at 1267.

Petitioner's allegations are refuted by the record. As described in the Background and Procedural History above, petitioner was not represented by Attorney Lake in his postconviction appeal. Lake's representation was limited to petitioner's postconviction evidentiary hearing in the circuit court. After the circuit court denied petitioner's Rule 3.850 motion, petitioner initiated an appeal *pro se*. At petitioner's request, the circuit court appointed a public defender to represent petitioner on appeal. Petitioner's counsel was Assistant Public Defender Judith Hall, not Attorney Roy Lake. After the First DCA issued its opinion on March 20, 2007, no motion for rehearing was filed, and the mandate issued April 5, 2007. Both petitioner and his postconviction appellate counsel were mailed a copy of the mandate. Rehearing is unavailable once the mandate issues. *See* Fla. R. App. P. 9.330(a) (requiring that a motion for rehearing be filed within 15 days of the date of the order); Fla. R. App. P. 9.340(a)-(b) (providing that the mandate shall issue after

expiration of 15 days from the date of the order or decision, unless a timely motion for rehearing is filed).

Petitioner's remaining allegations do not qualify him for equitable tolling. (*See* Doc. 34, p. 4). The fact that petitioner filed various motions and petitions over the years does not demonstrate an extraordinary circumstance or that petitioner diligently attempted to file his federal habeas petition within the limitations period. In addition, "[t]he lack of a legal education [and] the absence of legal counsel in this collateral context . . . do not excuse a failure to file a § 2254 petition in a timely fashion." *DeLeon v. State of Fla. Dep't of Corr.*, 470 F. App'x 732, 734 (11th Cir. 2012) (*citing Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) ("[P]rocedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness".), *and Outler v. United States*, 485 F.3d 1273, 1283 n. 4 (11th Cir. 2007) (" [P]*ro se* litigants, like all others, are deemed to know of the one-year statute of limitations.")). Finally, the fact that petitioner believes his sentence to be "highly disproportionate compared with drug offenses of his nature" (doc. 34, p. 4) does not qualify him for equitable tolling. *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) ("A habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing."); *see also Helton v. Sec'y for Dep't of Corr.*,

259 F.3d 1310, 1314-15 (11th Cir. 2001) ("The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction."). As petitioner has not established entitlement to equitable tolling or any exception to the limitations bar, the petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 32) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentences in *State of Florida v. Joseph C. Taylor*, Jackson County Circuit Court Case Nos. 99-CF-513, 99-CF-514, 99-CF-515, 99-CF-516, 99-CF-567 and 99-CF-568, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 2nd day of March, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.